UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                  Case No. 17-56687

MATTIE PEARL WILLIAMS,                                  Chapter 13

          Debtor.                              Judge Thomas J. Tucker
_____/

**ORDER DENYING, WITHOUT PREJUDICE, "MOTION TO ALLOW FOR CONTINUED ADMINISTRATION . . . [UNDER FED. R. BANKR. P.] 1016 [, ETC.]"**

      This case is before the Court on a motion purportedly filed by the Debtor, entitled "Motion to Allow for Continued Administration of the Chapter 13 Plan Pursuant to F.R.Bankr.P. 1016 upon Demise of Debtor Mattie Pearl Williams" (Docket # 43, the "Motion"). The Motion seeks "an Order allowing continued administration of this case pursuant to FRBP 1016, and allow[ing] Debtor's daughter, Angela Williams, acting in Mattie Pearl Williams' stead, to sign all necessary pleadings to ensure proper disclosure and exemption of the aforementioned assets." (Mot. at ¶ 6.)

      The Motion must be denied because the Debtor is deceased,[1] and the Motion does not show that it is made by anyone with standing to seek the relief sought. The Motion purportedly was filed by the Debtor, through the Debtor's daughter, Angela Williams, but the Motion does not show that Angela Williams has standing or authority to file a motion on behalf of the deceased Debtor.

      Only a personal representative duly appointed by the probate court under the laws of the State of Michigan may file a motion seeking relief on behalf of the deceased Debtor, Mattie Pearl Williams. *See In re Hamilton*, 274 B.R. 266, 267 (W.D. Tex. 2001) (citing *In re Lucio,* 251 B.R. 705, 708-09 (Bankr. W.D. Tex. 2000)) ("[W]hen a debtor dies, the only person who can then appear on the debtor's behalf is the person so named as the official representative of the probate estate of the debtor."); Mich. Comp. Laws Ann. § 700.3103 (stating, in relevant part, that "[e]xcept as otherwise provided in article IV, to acquire the powers and undertake the duties and liabilities of a decedent's personal representative, a person must be appointed by the register or by court order, must qualify, and must be issued letters"); Mich. Comp. Laws Ann. § 700.3703(3) (stating that "[e]xcept as to a proceeding that does not survive the decedent's death, a personal representative of a decedent domiciled in this state at death has the same standing to sue and be sued in the courts of this state and the courts of another jurisdiction as the decedent had immediately prior to death").

---

[1] The Motion says that the Debtor died on December 15, 2019. (*See* Motion, Docket # 43, at ¶ 3; *see also* Docket # 44 (Death Certificate)).

The Motion does not allege or demonstrate that Angela Williams is the personal representative of the probate estate of the deceased Debtor Mattie Pearl Williams.

Accordingly,

IT IS ORDERED that the Motion (Docket # 43) is denied.

IT IS FURTHER ORDERED that this Order is without prejudice to the right of a duly appointed personal representative of the probate estate of the deceased Debtor to file a motion seeking the relief that was sought by the present Motion.  The Court expresses no view, at this time, about the merits of any such potential future motion.

**Signed on October 28, 2021**



/s/ Thomas J. Tucker

**Thomas J. Tucker
United States Bankruptcy Judge**